IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. EVAN III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-254-E |
| | ) |
| LELAND DUDEK,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 24th day of April, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Leland Dudek is substituted as the defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff contends the Administrative Law Judge ("ALJ") improperly rejected several medical opinions by relying on inaccurate information, cherry-picking evidence, and relying on the opinion of a state agency review physician. (Doc. No. 8). Specifically, Plaintiff takes issue with the ALJ's analysis of the opinions of Dr. Ronald Kendrick, M.D., and Stacy Snyder, N.P., and urges this Court to remand based on the ALJ's improper assessment of these opinions. (*Id.*). Upon consideration of the record, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

The ALJ assessed all the evidence of record, including the opinions of Dr. Kendrick and Nurse Snyder, and crafted the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can sit, stand and walk for six hours in an eight hour workday; he can occasionally climb ramps and stairs but never ladders, ropes and scaffolds, he can occasionally stoop, kneel, balance, crouch and crawl; he can never be exposed to excessive vibration, unprotected heights, moving machinery, extreme cold, extreme heat and excessive moisture and humidity; and no more than occasional concentrated exposure to irritants such as odors, fumes, dust, gasses and poor ventilation.

(R. 30). Plaintiff posits that the ALJ erred in formulating this RFC because he inaccurately analyzed the opinions of Dr. Kendrick and Nurse Snyder under the relevant regulations, relied on inaccurate information and cherry-picked evidence in rejecting these opinions, did not appropriately assess the consistency between these two opinions, and inappropriately relied on the opinion of the state agency review physician, Dr. Sanjay Gandhi, M.D. (Doc. No. 8). The Court disagrees for the following reasons.

The ALJ appropriately analyzed Dr. Kendrick's opinion under the relevant regulations. For cases such as this one, filed on or after March 27, 2017, the regulations provide that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 416.920c(b) and (c). Here, Dr. Kendrick, an independent medical expert, testified at Plaintiff's hearing and opined that Plaintiff should be limited to occasional lifting of 15 pounds and frequent lifting of 10 pounds as well as standing, walking, and sitting for two hours in an eight-hour workday. (R. 32, 56-57). The ALJ then questioned Dr. Kendrick at Plaintiff's hearing with regard to the perceived conflict between his carrying and

2

standing/walking limitations:

| | |
|---|---|
| Q [ALJ] | All right, can I just interrupt you for a moment? With respect -- |
| A [Dr. Kendrick] | Yes |
| Q | --to the standing or walking, you've suggested that he can frequently carry ten pounds.   If he can – if he would be able to frequently carry ten pounds, that would require at least between one third and two thirds of a day and, really, would require up to two thirds of the day to meet the frequently limitation. He would be able to – have to carry frequently ten pounds.   That would be up to two thirds of a day, but if he is only able to walk for two hours in an eight-hour day, I don't think he would be able to frequently carry that amount.   Could you clarify that? |
| A | Well, you know, if he's – I'm just giving – of – that's the amount of – what his restrictions should be. You know, the fact that he may not be able to be on his feet long enough to carry ten pounds or less frequently doesn't mean he – that he can't – doesn't mean that he has to be on his feet long enough to carry an item frequently.   It just means that if he were on his feet he could carry – he could be – he could carry that frequently. |
| Q | Okay |

(R. 56-57).   Considering this testimony, the ALJ found this opinion not to be persuasive for the following reasons:

> Independent medical expert, Dr. Ronald Kendrick testified at the hearing and opined that the claimant had significant difficulty with lifting, carrying, bending, squatting, kneeling, crawling, climbing, prolonged walking, pushing, and pulling, as well as limited exposure to respiratory irritants, unprotected heights, and moving parts.   More specific Dr. Kendrick limited the claimant to occasional lifting of fifteen pounds and frequent lifting of ten pounds as well as standing, walking, and sitting for two hours in an eight-hour workday.   This opinion is not persuasive.   Dr. Kendrick is a board-certified physician in the field of physical medicine and rehabilitation who had an opportunity to review the entire record.   He supported his opinion with detailed reference to the record, but his opinion

3

> is internally inconsistent and his opinion is not consistent with the overall evidence of record, including little findings of low back and knee functional limitations (Ex. 11F; 14F).   Also Dr. Kendrick's opinion the claimant can frequently carry ten pounds, but limits to two hours of walking, is internally inconsistent.   If limited to only two hours of walking, he cannot carry more than two hours per day, and therefore would be unable to carry any amount frequently.

(R. 32).

Plaintiff contends the ALJ erred by rejecting Dr. Kendrick's opinion because it was "internally inconsistent" and not consistent with the overall evidence of record.   (Doc. No. 8 at 13-16).   Plaintiff insists that Dr. Kendrick's opinion was internally consistent because he explained that his opined lifting and carrying limitation was separate from the walking limitation and that the ALJ ignored this explanation.   (*Id.* at 13-15).   Further, Plaintiff argues this opinion is consistent with the record because Exhibit 11F, which the ALJ relied on in showing that this opinion was inconsistent with the record, shows numerous abnormal findings supporting this opinion.   (*Id.* at 15-16).

The Court finds no merit in Plaintiff's argument that the ALJ erred by finding Dr. Kendrick's opinion "internally inconsistent."   Plaintiff seems to contend that because Dr. Kendrick offered some explanation for this perceived inconsistency, the ALJ should have accepted it.   To the contrary, the ALJ was under no obligation to accept Dr. Kendrick's explanation.   Rather, the ALJ was tasked with analyzing this opinion and determining its persuasive value based on all the evidence, and the ALJ did so here.   82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 416.920c(b) and (c).   After hearing Dr. Kendrick's explanation, the ALJ determined that this opinion was not persuasive because it was internally inconsistent, which is a valid ground for discounting the opinion.   *See, e.g.*, *Swank v. O'Malley*, No. 3:23-cv-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (noting internal inconsistency was a valid ground for discounting an opinion); *Caler v. Berryhill*, No. 17-1688, 2019 WL 652306, at *3 (W.D. Pa. Feb. 15, 2019) (quotations and citation omitted) (stating that an ALJ may reject a physician's opinion by providing specific and legitimate reasons that are supported by substantial evidence, which may include internal inconsistency).   The ALJ provided a reasonable explanation for finding Dr. Kendrick's opinion internally inconsistent.   Accordingly, the ALJ's analysis of Dr. Kendrick's opinion is supported by substantial evidence.

Likewise, the Court finds no error in the ALJ's conclusion that Dr. Kendrick's opinion was inconsistent with the overall record.   Plaintiff contends that the ALJ incorrectly stated that there were "little findings of low back and knee functional limitations" because Exhibit 11F, a source the ALJ relies upon in making this statement, documents numerous abnormal exam findings.   (Doc. No. 8 at 15 (quoting R. 32; citing

Exs. 11F, 14F)). While Plaintiff is correct that there are abnormal exam findings within this exhibit (and throughout the record as a whole), the ALJ correctly stated that the overall evidence of record was not consistent with Dr. Kendrick's restricting limitations. (R. 32). Indeed, the ALJ cited multiple pages of the record showing that Plaintiff's physical examinations were generally normal. (R. 31). While Plaintiff regularly complained of back and knee pain, he was consistently found to have a normal gait, full range of motion in his spine, full strength in his extremities, and normal reflexes. (R. 31 (citing, *inter alia*, Ex. 11F)). Accordingly, the ALJ reasonably analyzed the medical records and provided substantial evidentiary support for finding Dr. Kendrick's opinion unpersuasive.

Similarly, the Court finds no merit in Plaintiff's argument that the ALJ failed to properly assess Nurse Snyder's opinion. (Doc. No. 8 at 17-19). Nurse Snyder, a consultative examiner, opined that Plaintiff was able to occasionally lift and carry up to 10 pounds; stand and walk for one hour in an eight hour workday; must use a cane; can occasionally climb stairs and ramps and balance, but never climb ladders and scaffolds, stoop, kneel, crouch and crawl; can occasionally tolerate exposure to unprotected heights, but never to moving mechanical parts; and can occasionally operate a motor vehicle and be exposed to extreme cold and heat. (R. 32; Ex. 19F). The ALJ found this opinion not to be persuasive because it was not supported by Nurse Snyder's exam findings, which showed stable joints, full strength in the extremities, and negative straight leg raising tests, and was not consistent with findings in Exhibit 11F and the opinion of Dr. Gandhi. (R. 32).

Plaintiff contends that the ALJ's supportability analysis of Nurse Snyder's opinion overlooked many aspects of the nurse's examination and cherry-picked evidence to support this analysis. (Doc. No. 8 at 18). Specifically, Nurse Snyder observed Plaintiff to be in pain, that she had decreased stance and stride length bilaterally, that she used a cane, could walk on heels and toes with some difficulty and obvious pain, that she could squat only 20% with balance issues, that her stance was 10% forward flexion leaning on a cane, was able to rise from a chair slowly and with pain, and that her lumbar spine flexion-extension was only 20 degrees. (*Id.*). Plaintiff overlooks that the ALJ considered all of Nurse Snyder's examination findings and reasonably concluded that, overall, they did not support the opined limitations. The ALJ specifically acknowledged Nurse Snyder's opined limitations that included limiting Plaintiff to little standing and walking, and to the use of a cane, which reflected these more limiting exam findings. (R. 32). Moreover, the ALJ was not required to "mention every piece of evidence in the record." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009). The ALJ's conclusion that Nurse Snyder's opinion was not supported by her examination findings is supported by substantial evidence as the ALJ pointed to positive exam findings within Nurse Snyder's examination that did not line up with the opined limitations. Accordingly, Plaintiff's argument on this point fails.

5

The Court also finds no merit in Plaintiff's argument that the ALJ erred in finding that Nurse Snyder's opinion was inconsistent with the record as a whole. (Doc. No. 8 at 19). Plaintiff again contends that the ALJ inappropriately relied on benign findings in Exhibit 11F while ignoring other significant examination findings. As discussed above, the ALJ appropriately found that the record, as a whole, demonstrated that Plaintiff had near normal exam results throughout the relevant period and there is sufficient evidence to the support the ALJ's finding that Nurse Snyder's restricting opinion was inconsistent with the record as a whole.

Further, the Court rejects Plaintiff's argument that the ALJ erred by failing to address the consistency between Dr. Kendrick and Nurse Snyder's opinions. (Doc. No. 8 at 19). Plaintiff overlooks that the ALJ is not required to discuss the consistency between specific medical source opinions. *See* 20 C.F.R. § 416.927(c)(4); *Nelson v. Kijakazi*, No. 21-186, 2022 WL 504578, at *1 n.3 (W.D. Pa. Feb. 18, 2022) (noting "while consistency is a factor ALJs consider in their evaluation of medical opinion evidence, they are not specifically required to catalogue consistencies between medical opinions in their decisions"). Accordingly, Plaintiff's argument on this point fails.

Plaintiff further asserts that the ALJ erred by relying on Dr. Gandhi's opinion. (Doc. No. 8 at 20-21). Plaintiff contends that the ALJ mistakenly relied on this opinion because it was rendered before the record was complete and about two years before Dr. Kendrick and Nurse Snyder rendered their opinions. (*Id.* at 20). Plaintiff overlooks that an ALJ is permitted to rely on an opinion even though it was crafted before the record was complete. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (stating "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Thus, the Court finds no merit in Plaintiff's argument on this point.

Plaintiff also contends that the ALJ erred in relying on Dr. Gandhi's opinion because the ALJ had already sent Plaintiff for a consultative examination and planned for medical expert testimony at a second hearing, which better addressed Plaintiff's back problems. (Doc. No. 8 at 20-21). Plaintiff contends that this testimony was requested and the examination was ordered after the ALJ reviewed Dr. Gandhi's opinion and determined that there was not enough information pertaining to Plaintiff's back. (*Id.*; R. 109). As Defendant notes, Plaintiff essentially argues that the ALJ should have accepted the findings of the testifying medical expert, Dr. Kendrick, and consultative examiner, Nurse Snyder. However, the ALJ was under no obligation to accept the testimony and findings of these experts. (Doc. No. 13 at 20-21). As noted, the ALJ properly determined that Dr. Kendrick's and Nurse Snyder's opinions were not persuasive pursuant to the applicable regulations. Instead, the ALJ relied on Dr. Gandhi's opinion by finding that it was persuasive because it was supported by Dr. Gandhi's appropriate review of the record and was consistent with the diagnostic results and Plaintiff's testimony. (R. 33). Accordingly, Plaintiff's argument on this point is without merit.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 7)³ is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Mark R. Hornak
Chief United States District Judge

ecf:        Counsel of record

---

Lastly, Plaintiff contends that the ALJ's opinion is not supported by substantial evidence because the jobs identified by the vocational expert ("VE") are not available in significant numbers in the national economy. (Doc. No. 8 at 21-25). Specifically, Plaintiff takes issue with the jobs of order clerk, which the VE testified has 5,000 jobs available, and telephone quotation clerk, which has 4,500 jobs available nationally. (*Id.* at 22; R. 88). The Court notes that although these identified occupations provide only a modest number of available jobs in the national economy, the United States Court of Appeals for the Third Circuit stated that "there is no precise estimate for what constitutes 'significant numbers' of jobs under the Social Security Act." *Young v. Astrue*, 519 Fed. Appx. 769, 772 (3d Cir. 2013) (citation omitted). Regardless, these jobs were identified by the VE in relation to a hypothetical RFC that the ALJ did not ultimately adopt. (R. 88). As such, the Court need not decide this issue because these identified jobs pertain to a different RFC than that adopted by the ALJ in the decision on appeal. (R. 30, 88). Plaintiff does not take issue with the number of jobs identified by the VE in relation to the RFC actually adopted by the ALJ. (R. 30, 34, 87). The Court finds the ALJ's decision, including the RFC determination and the jobs identified by the VE corresponding to that adopted RFC, is supported by substantial evidence and thus rejects Plaintiff's argument on this point.

All told, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

³     Pursuant to Federal Rule of Civil Procedure 12(c), the Court has construed Plaintiff's Motion for Judgment on the Pleadings as a Motion for Summary Judgment. *See, e.g.*, *Westfield Grp. v. Campisi*, No. 2:02-CV-977, 2006 WL 328415, at *1 (W.D. Pa. Feb. 10, 2006).